UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TEMBEC INDUSTRIES

VERSUS

AMZAK CAPITAL MANAGEMENT

CIVIL ACTION

NO. 11-622-JJB

**RULING AND ORDER**

This matter is before the court on a motion by Amzak Capital Management to withdraw the reference to the bankruptcy court. The motion is opposed by Stewart Title Guaranty Company.

The parties agree that there are several factors to consider in determining whether a reference should be withdrawn: whether it is core or non-core; whether there is a jury demand; the goals of promoting uniformity in bankruptcy administration; reducing forum shopping; fostering economic use of the debtors' and the creditors' resources; and expediting the bankruptcy process. **Holland America Ins. Co. v. Roy**, 777 F.2d 992, 999 (5th Cir. 1985).

Amzak makes several arguments relative to the above-cited factors. Preliminarily, however, Amzak contends that the recent Supreme Court decision in **Stern v. Marshall**, 131 S.Ct. 2594 (2011) casts doubt on the bankruptcy court's jurisdiction and that the reference should be withdrawn as a precautionary matter. Amzak points to the fact that Judge Dodd held that this is a non-core proceeding and that after the trial he would accordingly be issuing findings of fact and conclusions of law. Then a couple of months later when the **Stern** decision came out, Judge Dodd promptly ordered the parties to file

1

briefs on jurisdiction. Prior to the expiration of the briefing deadline, Amzak filed its motion in this court to withdraw the reference.

Returning to address the factors pertinent to withdrawing the reference, Amzak argues that it retains the right to a jury trial if the reference is withdrawn. Additionally, it contends that the claims between Amzak and Stewart involve state law only and will have a de minimus effect on the bankruptcy. Finally, it denies forum shopping and argues that the bankruptcy court has no greater familiarity with the claims and that a withdrawal of the reference would not slow down the process of winding down the estate.

In opposition, Stewart Guaranty argues that **Stern** is inapplicable to non-core matters from which the bankruptcy court merely prepares proposed findings of fact and conclusions of law. Stewart Guaranty further argues that Amzak "newfound desire" to proceed in the district court "contradicts its past briefing." As to the relevant factors to the considered, Stewart Guaranty contends that Amzak simply puts the wrong spin on all of them.

Having carefully considered the arguments, the court finds that the reference should be withdrawn. At present, there is some uncertainty cast by the **Stern** decision. Moreover, an analysis of the above-cited factors weighs in favor of withdrawing the reference. Amzak retains its right to a jury trial in this non-core proceeding; the claims left for trial are purely ones of state law; it does not appear that there would be any adverse impact on the winding down process; and, judicial efficiently is as readily served by withdrawing the reference as not.

Accordingly, the motion (doc. 1) to withdraw the reference is GRANTED and the jury

demand is reinstated.

    Baton Rouge, Louisiana, <u>January 23, 2012</u>.

                                              _____
                                              JAMES J. BRADY, JUDGE
                                              MIDDLE DISTRICT OF LOUISIANA